UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE


**********************************************
                                             *
UNITED STATES                                *
                                             *
        V.                                   *   Criminal No. 12-CR-31-01-SM
                                             *
MICHAEL PRIETO                               *
                                             *
**********************************************


## MOTION FOR RELEASE PENDING APPEAL PURSUANT TO 18 USC §3143(b)

The Defendant Michael T. Prieto respectfully moves this Court for release pending appeal. In support of this request the Defendant submits:

1. The Defendant was originally charged in an 11 count indictment with one charge of mail fraud and ten charges of money laundering. All money laundering charges were dismissed pursuant to F. R. Cr. P. 29. The Defendant was convicted of mail fraud after a jury trial.

2. The Defendant was released pretrial without any special conditions.

3. The Defendant was released pending sentencing without any special conditions.

4. The Defendant has abided by the standard release conditions that he appear for hearings as required, obey all state and federal laws and remains generally of good behavior. He has not violated the trust placed in him by this Court.

5. Release pending appeal is governed by 18 USC § 3143 (b).

6. Detention is not required in this case pursuant to 18 USC §3143 (b) (2). The underlying offense (Mail Fraud) is not described in subparagraphs (A) (B) or (C) of 18 USC § 3142(f) (1).

7. Because detention is not mandatory the standard of review for this request is set forth at 18 USC § 3143 (b) (1).  The statute requires that a sentenced defendant be detained unless the judicial officer finds:

> A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any person or the community if released under section 3142(b) or (c) of this title; and

> B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

8.  The "likely to result" standard does not require the Court to conclude that it is likely to be reversed by the Court of Appeals. *United States v. Bayko,* 774 F.2d 516, 523 (1st Cir.1985). Rather, the Court need only find that there is a "close" question "that very well could be decided the other way," and that "the claimed error not be harmless or unprejudicial." *Id*.; *United States v. Colon-Munoz,* 292 F.3d 18, 20 (1st Cir. 2002). The determination of whether a question is "close" or not is to be made on a case-by-case basis. *Id. United States v. Alfonso-Reyes,* 427 F.Supp. 2d  41 (D.P.R. 2006).

9. In this case the Defendant has already demonstrated clear and convincing evidence that he is not likely to flee or pose a danger to the safety of the community if released. The Court has already made this finding on two occasions – at the time of his pre-trial release and again at the time of his release pending sentencing. [1]

10.  In this case there are legitimate appellate issues and any appeal is not for the purposes of delay. The appellate issues are the types that are "close questions." The claimed

---

[1] Release pending sentencing requires an identical finding by clear and convincing evidence. *See* 18 USC § 3143(a).

errors are not harmless and were, in fact, prejudicial to the Defendant during trial resulting in his conviction.

11. The legitimate appellate issues that are a "close call" include:

A. The denial of the Defendant's pre-trial motion to dismiss. In this motion the Defendant attacked the indictment on its face and argued that the indictment was not a concise plain and definite statement of the offense. The Defendant also attacked the indictment as being duplicitous.

B. The denial of the Defendant's motion for judgment of acquittal pursuant to F.R.Cr.P. 29. In his Rule 29 motion the Defendant argued, inter alia, that the Government had not presented sufficient evidence that was consistent with the crime charged in the indictment – specifically that any homeowner had been defrauded. The Defendant argued that to the extent that the government had pulled a "bait and switch" and tried to claim that banks were the victim of the alleged fraud they failed to satisfy the materiality requirement of the mail fraud statue. Notably the Government was aggressively questioned by the Court with regard to the theory it espoused at trial. The Government's difficulties in answering the Court's questions in this regard demonstrate the fact that this issue is a "close call."

C. The denial of the Defendant's motion to set aside the verdict. The Defendant's motion to set aside the verdicts again makes the same arguments as set out in Rule 29 motion. This motion has not yet been ruled on. However, it raises substantial issues that meet the "close call" test set out in *Bayko*.

12. The Defendant respectfully submits that the foregoing issues will likely be the subject of appeal and are issues that are "likely to result" in a reversal or remand for new trial after appeal. In sum they are the type of "close questions" that warrant an order of release pending appeal pursuant to 18 USC 3143(b) (1).

13. Assistant United States Attorney Mark Zuckerman objects to the relief requested in this motion.

14. This motion contains the relevant law and standard of review. A further memorandum is not necessary.

Wherefore the Defendant respectfully moves that this Court hold a hearing and grant him release pending his appeal in this matter.

Respectfully submitted,
Michael Prieto, Defendant
By his Attorneys,
BRENNAN, CARON, LENEHAN & IACOPINO

Date:  March 10, 2014                By:   /s/ Michael J. Iacopino
                                     Michael J. Iacopino, Esq. (Bar no. 1233)
                                     85 Brook Street
                                     Manchester, NH 03104
                                     miacopino@bclilaw.com

CERTIFICATE OF SERVICE

        I HEREBY CERTIFY that a copy of the foregoing Motion to Continue Sentencing
Hearing was served on the following persons, even date herewith, and in the manner specified
herein:  electronically served through ECF:  Assistant United States Attorney Mark Zuckerman,
United States Attorney's Office, James C. Cleveland Federal Bldg., 55 Pleasant Street, Room
352, Concord, NH 03301-3941.


                                      /s/  Michael J. Iacopino
                                     Michael J. Iacopino, Esq.