# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| | (For Offenses Committed On or After November 1, 1987) |
| v. | |
| | Case Number: 12-cr-31-01-SM |
| Michael T. Prieto | |
| | Michael Iacopino, Esq. and Jaye Rancourt, Esq. |
| | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s): __.
☐ pleaded nolo contendere to count(s) __ which was accepted by the court.
☒ was found guilty on count(s) 1 of the Indictment after a plea of not guilty.

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1341 | Mail Fraud | March 2008 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ The defendant has been found not guilty on count(s) ___ of the Indictment and is discharged as to such count(s).

☒ Counts dismissed on Defendant's Rule 29 motions: 2, 3, 4-11 of the Indictment.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

March 10, 2014
Date of Imposition of Judgment

*[signature]*
Signature of Judicial Officer

Steven J. McAuliffe
United States District Judge
Name & Title of Judicial Officer

March 20, 2014
Date

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 72 months.

☒ The court makes the following recommendations to the Bureau of Prisons:

that the defendant be designated to serve his term of incarceration at an appropriate level facility as close to his home as possible.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.
☐ on ___ at ___.
☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
☒ before _2:00 p.m._ on _April 5, 2014_.
☐ as notified by the United States Marshal.
☐ as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshall

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Five (5) Years**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*Pursuant to 42 U.S.C. § 14135a, the defendant shall submit to DNA collection while incarcerated in the Bureau of Prisons, or at the direction of the U.S. Probation Office.*

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 72 drug tests per year of supervision.

☒ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable)

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without permission of the court or probation officer;
2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) The defendant shall support his or her dependents and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# SPECIAL CONDITIONS OF SUPERVISION

In addition, the defendant shall comply with the following special conditions:

**The defendant shall provide the probation officer with access to any requested financial information.**

**The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless he is in compliance with the installment payment schedule.**

**The defendant shall apply all monies received from income tax refunds, lottery winnings, judgments, and/or any other anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.**

Upon a finding of a violation of probation or supervised release, I understand that the court may:   (1) revoke supervision; (2) extend the term of supervision; and/or (3) modify the conditions of supervision.

These conditions have been read to me.   I fully understand the conditions and have been provided a copy of them.

(Signed)

_____          _____
Defendant                                                                                        Date

_____          _____
U.S. Probation Officer/ Designated Witness                       Date

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $100.00 |  | $2,368,733.59 |

☐ The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☒ The defendant shall make restitution (including community restitution) to the following payees in the amount listed.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Pymnt |
|---|---|---|---|
| See Attached List. |  | 2,368,733.59 |  |
|  | TOTALS: $ | 2,368,733.59 | $ 0.00 |

☐ If applicable, restitution amount ordered pursuant to plea agreement.

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

☒ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☒ The interest requirement is waived for the   ☐ fine   ☒ restitution.

☐ The interest requirement for the   ☐ fine and/or   ☐ restitution is modified as follows:

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

**Prieto, Michael T.**                                          **DKT. 0102 1:12CR00031-001-SM**

| | |
|---|---:|
| Aurora Bank<br>10350 Park Meadow Drive<br>Littleton, CO 80124 | $358,449.27 |
| Avelo Mortgage LLC<br>250 John W. Carpenter FWY, Suite 300<br>Irving, TX 75062 | $90,421.41 |
| Bank of America<br>f/k/a Lasalle Bank,<br>Trustee for Morgan Stanley Trust 2006-11<br>135 S. Lasalle Street, Suite 1511<br>Chicago, IL 60603 | $62,500 |
| Bank of America, N.A.<br>PO Box 5170<br>Simi Valley, CA 93062-5170 | $143,773.67 |
| Bank of New York Mellon, N.A.<br>101 Barclay Street, 8-W<br>New York, NY 10286 | $84,336.81 |
| Bank of New York<br>Trustee for CWALT Series 2006-11CB<br>101 Barclay Street, 8-W<br>New York, NY 10286 | $2,439.35 |
| Bayview Loan Services, LLC<br>4425 Ponce De Leon Blvd<br>Coral Gables, FL 33146 | $64,843.22 |
| Citibank<br>Trustee for Bear Sterns Series 2006-8<br>388 Greenwich Street<br>New York, NY 10013 | $164,358.33 |
| Citimortgage, Inc.<br>1000 Technology Drive<br>Mail Station 314<br>O'Fallon, MO 63368-2240 | $123,394.89 |
| Deutsche Bank, Trustee<br>1761 E. Street Andrew Place<br>Santa Ana, CA 92702-4934 | $46,879.10 |
| Federal National Mortgage Association<br>3900 Wisconsin Ave. NW<br>Washington, D.C. 20019-2899 | $77,023.51 |

**Prieto, Michael T.**                                           **DKT. 0102 1:12CR00031-001-SM**

| | |
|---|---|
| First Horizon Home Loans<br>c/o Metlife Home Loans<br>4000 Horizon Way, Suite 100<br>Irving, TX 75063 | $74,007.32 |
| First Magnus Liquidating Trust<br>c/o Todd Burgess, Esq.<br>2575 E. Camelback Road<br>Phoenix, AZ 85016-9225 | $81,926.35 |
| HSBC, N.A.<br>2929 Walden Ave.<br>Depew, NY 14043 | $162,012.40 |
| HSBC, Trustee for MHL 2007-1<br>1105 N. Market Street<br>Wilmington, DE 19801 | $42,020.89 |
| Indymac Federal Bank<br>155 North L:ake Ave.<br>3rd Floor<br>Pasadena, CA 91101 | $28,490.35 |
| JP Morgan Chase Bank, N.A.<br>250 W. Huron Road<br>3rd Floor<br>Cleveland, OH 44113 | $56,387.44 |
| Litton Loan Servicing LP<br>4828 Loop Central Drive<br>Houston, TX 77081-2226 | $26,718.31 |
| M&T Bank<br>1100 Wehrle Drive<br>2nd Floor<br>Williamsville, NY 14221 | $98,597.71 |
| Mortgageit<br>60 Wall Street<br>15th Floor<br>New York, NY 10005 | $56,106.66 |
| PNC Bank<br>f/k/a National City Bank<br>6750 Miller Road<br>Brecksville, OH 44141 | $40,436.16 |

5

**Prieto, Michael T.** **DKT. 0102 1:12CR00031-001-SM**

| | |
|---|---|
| Provident Funding Associates<br>P.O. Box 5914<br>Santa Rosa, CA 95402 | $45,045.68 |
| RBS Financial Products, Inc.<br>f/k/a Greenwich Capital Financial Products<br>600 Washington Blvd.<br>Stamford, CT 06830 | $63,944.51 |
| REO Properties Corp.<br>60 Wall Street<br>New York, NY 10005 | $31,726.49 |
| Roundpoint Mortgage Servicing<br>f/b/o Colonial Bank<br>5032 Parkway Plaza Blvd, Suite 200<br>Charlotte, NC 28217 | $32,045.70 |
| United Guaranty Residential Insurance Co of NC<br>230 N. Elm Street<br>Greensboro, NC | $73,163.20 |
| US Bank, Trustee for CSMC Series 2006-4<br>60 Livingston Ave<br>St. Paul, MN 55107-2292 | $108,723.51 |
| Wells Fargo Bank<br>1 Home Campus MAC X2401-05W<br>Des Moines, IA | $64,046.54 |
| Wingspan Portfolio Advisors, LLC<br>4100 Midway, Suite 1110<br>Carrollton, TX 75007 | $53,062.95 |
| Wells Fargo Bank<br>Trustee for Bank of America Series ABFC2005-HE2<br>101 North Phillips Ave<br>Sioux Falls, SD 57104 | $11,851.86 |
| Total | $2,368,733.59 |

CASE NUMBER: 12-cr-31-01-SM
DEFENDANT: Michael T. Prieto

Judgment - Page 6 of 6

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☐ Lump sum payment of $_____ due immediately, balance due

    ☐ not later than _, or
    ☐ in accordance with ☐ **C**, ☒ **D**, or ☐ **E** below; or

**B** ☒ Payment to begin immediately (may be combined with ☐ **C**, ☒ **D**, or ☐ **E** below); or

**C** ☐ Payment in installments of $ over a period of , to commence days after release from imprisonment to a term of supervision; or

**D** ☒ Payments shall be made in equal monthly installments of $200.00 during the period of supervised release, and thereafter. During the term of supervised release, the probation officer shall review the defendant's financial circumstances and, if necessary, recommend a revised payment schedule on any outstanding balance for approval by the Court.

**E** ☐ Special instructions regarding the payment of criminal monetary penalties:

Criminal monetary payments are to be made to Clerk, U.S. District Court, 55 Pleasant Street, Room 110, Concord, NH 03301. Payments shall be in cash or in a bank check or money order made payable to Clerk, U.S. District Court. Personal checks are not accepted.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made payable to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒     Joint and Several

| Defendant Name | Case Number | Joint and Several Amount |
|---|---|---|
| Richard Winefield | 11-cr-00020-01-SM | $2,368,733.59 |
| Sadie Stanhope Ng | 11-cr-00049-01-SM | $2,368,733.59 |
| Walter Bressler | 13-cr-00068-01-JD | $2,368,733.59 |
| Robert A. Hayden | 12-cr-00035-01-JL | $2,368,733.59 |
| John M. Duris | 13-cr-00007-01-JL | $2,368,733.59 |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.