```
                    UNITED STATES DISTRICT COURT

                     DISTRICT OF NEW HAMPSHIRE
```

<u>United States of America</u>

    v.                                    Case No. 12-cr-31-1-SM-SM

<u>Michael T. Prieto</u>


**O R D E R**


    The defendant was convicted by a jury of mail fraud.  The fraudulent scheme organized and executed by defendant was broad in scope and resulted in millions of dollars in losses.  Defendant was sentenced <u>inter</u> <u>alia</u>, to six years of imprisonment and required to repay some $2,368,733.59 in restitution.  He has filed a notice of appeal and seeks release on bail pending resolution of that appeal.

    There is no federal constitutional right to be free pending an appeal.  Rather, the matter is governed by statute, which provides, in relevant part, that "a judicial officer shall . . . order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained, unless the judicial officer finds" by clear and convincing evidence that the person is unlikely to flee, unlikely to pose a danger to another person or the community if released.  Additionally, the court must determine that the appeal is not taken for the purpose of delay, and that the appeal raises

a substantial question of law or fact likely to result in reversal, a new trial, a non-incarcerative sentence, or a reduced sentence that would be less than the time served plus the expected time necessary to resolve the appeal. See 18 U.S.C. § 3143(b).

As noted at the hearing held on March 27, 2014, the court finds that defendant is neither a flight risk nor a danger to the community, and the appeal is not taken for the purpose of delay.

The issue here is whether the appeal will raise a substantial question of law or fact "likely to result" in reversal, a new trial, or a materially reduced sentence. The "likely to result" standard does not require this court to conclude that its rulings or the jury's verdict are likely to be reversed by the Court of Appeals, United States v. Bayko, 774 F.2d 516, 523 (1st Cir. 1985), but that there is a "close question." A close question is one that "very well could be decided the other way," and the claimed error is not harmless or without prejudice. United States v. Colon-Munoz, 292 F.3d 18, 20 (1st Cir. 2002).

Defendant says he will argue on appeal, in essence, that the indictment is facially defective, that the government effectively amended or varied from the indictment in presenting its case, and that the evidence presented was insufficient to establish the

materiality element of wire fraud.  Having carefully considered the pleading submitted and defense counsel's oral argument, I cannot conclude that the issues to be argued on appeal, as outlined at the hearing, are sufficiently "close," that is that they "very well could be decided the other way," to warrant releasing the defendant pending appeal.  That is not to say the noted issues are frivolous or without any legal merit at all or that counsel cannot present the issues in a debatable and capable manner, but only that I do not conclude that they are "close" within the meaning of the applicable standard, and, therefore, cannot find that release pending appeal is appropriate in this case.

## Conclusion

The motion for bail pending appeal (document no. 79) is denied.


**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 28, 2014

cc:   Mark S. Zuckerman, AUSA
      Michael J. Iacopino, Esq.
      United States Probation
      United States Marshal